UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

| | |
|---|---|
| _____ * | |
| JOHN GADOWSKI * | |
|     Plaintiff * | |
| * | |
| v. * | |
| * | |
| TOWN OF WEST TISBURY * | |
| AND WEST TISBURY POLICE * | |
| DEPARTMENT, HERBERT * | |
| MOODY, DANIEL GOULDRUP, * | |
| DANIEL ROSSI * | |
|     Defendants * | |
| _____ * | |

**ANSWER OF DEFENDANTS**

1. The Defendants neither admits nor denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The Defendants neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The Defendants neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The Defendants neither admit nor deny the allegations contained in Paragraph 5 of Plaintiff's Complaint

6. The Defendants neither admit nor deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The Defendants neither admit nor deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The Defendants neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The Defendants neither admit nor deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The Defendants neither admit nor deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. The Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. The Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. The Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. No Answer Required

21. The Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Plaintiff's Complaint and find judgement in their favor together with attorneys' fees, costs and such other relief as this Court deems just and proper.

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

**AFFIRMATIVE DEFENSES**

1. The Defendants say that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, moves for dismissal of this action pursuant to Mass. R. Civ. P. 12(b)(6).

2. The Defendants state that the process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass. R. Civ. P. 12(b)(4).

3. The Defendants state that the service of process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass. R. Civ. P. 12(b)(5).

4.  The Defendants state that the Plaintiff did not bring his complaint within the time limit provided by the Statute of Limitations and, therefore, Plaintiff's claim is barred by the terms of that Statute.

5.  The Defendants are guilty of no negligence.

6.  The Defendants state that the negligence of Plaintiff exceeds the negligence of Defendants and states that under the provisions of M.G.L. c. 231 § 85, Plaintiff cannot recover.

7.  The Defendants state that if the negligence of Defendants were greater than the negligence of Plaintiff, then the damages assessable against the Defendants should be reduced by the percentage of negligence attributable to the Plaintiff, under the provisions of M.G.L. c. 231, § 85.

8.  The Defendants state that the injuries and damages alleged were caused in whole or in part by Plaintiff's own negligence.

9.  The Defendants state that the injuries to Plaintiff were caused by a third party over which Defendants had no legal control and for whose conduct Defendants were not legally responsible, and therefore, Defendants cannot be held liable for the damages claimed by the Plaintiff.

10. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

11. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

12. By way of affirmative defenses, the Defendants state that M.G.L. c. 258 § 10(j) bars claims against public employees. The action of the Defendants did not originally cause the condition that led to the incident involving the Plaintiff.

13. The Defendants deny each and every allegation of the Plaintiff's Complaint except as specifically admitted above.

14. The Defendants states that at the time of the alleged incident, Plaintiff was guilty of a violation of law which contributed to the alleged injuries.

15. The Defendants state that the Plaintiff has failed to join a necessary party under Rule 19 of the Massachusetts Rules of Civil Procedure.

16. The claims arising out of the subject matter of the occurrence alleged are barred as the Defendants were carrying out law enforcement functions in good faith.

17. Defendants deny all of plaintiff's allegations of wrongful conduct and states that at all relevant times, public employees were acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

18. The actions and conduct of the Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances and it enjoys qualified immunity from suit and liability.

19. The alleged acts or omissions of the Defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

20. The Defendants are immune from liability pursuant to M.G.L. c. 258 § 2.

21. The Defendants deny that its actions were extreme, outrageous or intolerable in a civilized society.

22. The arrest of the Plaintiff by the Defendants was supported by the requisite reasonable suspicion and/or probable cause.

23. The Defendants deny placing the Plaintiff in reasonable fear of imminent harm.

24. The action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the Defendants to recover all costs, expenses and attorneys' fees associated with the defense in this case.

25. The Plaintiff is barred from recovery because the Plaintiff failed to present his claims as required under the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4.

26. The Plaintiff failed to notify an Executive Officer pursuant to M.G.L. c. 258, § 4 within two years that a claim was pending and such is barred from recovery because of non-compliance with the Statute.

27. The Town of West Tisbury is entitled to qualified immunity.

28. The Plaintiff has failed to state a cause of action under 42 USC § 1983 because the Plaintiff has suffered no deprivation of due process in law that affords the Plaintiff an adequate remedy.

29. The Plaintiff is precluded from any recovery against the Defendants pursuant to the provisions of M.G.L. c. 175D, § 9.

30. The Plaintiff is obligated, pursuant to M.G.L. c. 175D, § 9 to exhaust all available insurance prior to proceeding against the Defendants.

31. The Plaintiff is barred from recovery because the Defendant Town of West Tisbury is entitled to governmental immunity pursuant to M.G.L. Chapter 258, § 10(h).

32. The Defendants state that M.G.L. c. 175D, which governs insolvent insurers, allows the Defendants by and through the Massachusetts Insurers Insolvency Fund to have all setoffs from other available insurance exhausted prior to the Plaintiff receiving any compensation if he is entitled from the Insolvency Fund.

33. The Town of West Tisbury is not a sueable entity and is not a proper party defendant in a Civil Right Action pursuant to 42 USC § 1983.

34. The Town of West Tisbury is not a person pursuant to USC §1983 and lacks independent legal existence that bars any claim against the Town of West Tisbury.

35. The Defendants deny that any agent, servant, or employee of the Town of West Tisbury assaulted and battered the Plaintiff, John Gadowski.

36. The Defendants state that the Plaintiff failed to attach any document in his complaint indicating notice to the Town of West Tisbury within the two-year time period pursuant to M.G.L. c. 258, § 4.

37. The Defendants state that M.G.L. c. 258, §10(c) bars claims arising out of intentional torts including assault and battery. Therefore, the Plaintiff cannot recover against the Defendants.

38. The Defendants, Town of West Tisbury, was insured through Legion Insurance Company, which was declared insolvent by the Pennsylvania Supreme Judicial Court on July 25, 2003 effective July 28, 2003.

39. Pursuant to 42 USC § 1983, the Doctrine of Respondeat Superior is not a basis for holding the Defendants liable for the constitutional torts of the Police Officers.

40. The Defendants deny that any agent, servant, or employee of West Tisbury harassed the Plaintiff, John Gadowski.

41. The Defendants deny that any agent, servant, or employee of West Tisbury inflicted any emotional distress on the Plaintiff, John Gadowski.

42. The Defendants deny that any agent, servant, or employee of the Town of West Tisbury battered the Plaintiff, John Gadowski.

43. The Defendants deny that any agent, servant, or employee invaded the privacy of the Plaintiff, John Gadowski.

44. The Defendants deny that any agent, servant, or employee perpetrated deceit and fraud upon the Plaintiff, John Gadowski.

45. The Defendants deny that any agent, servant, or employee of the Town of West Tisbury caused the Plaintiff, John Gadowski, to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

46. The Defendants deny that any excessive or unreasonable force was used in placing the Plaintiff, John Gadowski, under arrest.

47. The Defendants deny that there was proper service of process on an official of the Town of West Tisbury who can accept service of Complaints.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED AND DEFENSES ASSERTED HEREIN.**

> DEFENDANTS
> TOWN OF WEST TISBURY
> WEST TISBURY POLICE DEPARTMENT
> HERBERT MOODY, DANIEL
> GOULDRUP, DANIEL ROSSI
> By their Attorneys,
>
> WYNN & WYNN, P.C.
>
> /s/ Charles D. Mulcahy
> Charles D. Mulcahy
> BBO #359360
> Wynn & Wynn, P.C.
> 90 New State Highway
> Raynham, MA   02767
> (508) 823-4567
> cmulcahy@wynnandwynn.com

October 11, 2005