UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

_____
                                                *
JOHN GADOWSKI                        *
      Plaintiff                          *
                                                *
v.                                                  *
                                                *
WEST TISBURY POLICE       *
DEPARTMENT, HERBERT      *
MOODY, DANIEL GOULDRUP, *
DANIEL ROSSI                 *
     Defendants                     *
                                                *
_____*

## MOTION OF THE DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY, DANIEL GOULDRUP, AND DANIEL ROSSI, TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF, JOHN GADOWSKI

      Now come Defendants, West Tisbury Police Department, Herbert Moody, Daniel Gouldrup, and Daniel Rossi, in their capacity as Tisbury Police Officers, and moves this Honorable Court to order the Plaintiff, John Gadowski, to answer the Defendants' Interrogatories and respond to the Defendants' Request for Production of Documents.

      In support of this Motion, the Defendants submit the attached Memorandum.

      Wherefore, the Defendants move that the Motion to Compel be allowed and that the Plaintiff be ordered to answer the Defendants' Interrogatories and respond to the Defendants' Request for Production of Documents within twenty (20) days.

                    DEFENDANTS
                    TOWN OF WEST TISBURY
                    WEST TISBURY POLICE DEPARTMENT
                    HERBERT MOODY, DANIEL
                    GOULDRUP, DANIEL ROSSI

                    By their Attorneys,


                    WYNN & WYNN, P.C.

                    /s/ Charles D. Mulcahy
                    Charles D. Mulcahy
                    BBO #359360
                    Wynn & Wynn, P.C.
                    90 New State Highway
                    Raynham, MA    02767
                    (508) 823-4567
                    cmulcahy@wynnandwynn.com

April 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

```
_____
                               *
JOHN GADOWSKI                  *
      Plaintiff                *
                               *
v.                             *
                               *
WEST TISBURY POLICE            *
DEPARTMENT, HERBERT            *
MOODY, DANIEL GOULDRUP,        *
DANIEL ROSSI                   *
      Defendants               *
                               *
_____*
```

## MEMORANDUM IN SUPPORT OF MOTION OF THE DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY, DANIEL GOULDRUP, AND DANIEL ROSSI, TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF, JOHN GADOWSKI

As grounds for the Defendants' Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents by the Plaintiff, the Defendants state that pursuant to Rule 33 and Rule 34, a Request for Production of Documents and Interrogatories were served upon the Plaintiff, through counsel, on December 13, 2005. See attached Exhibit "A" and Exhibit "B". The time in which the Plaintiff must respond has expired and, to date, the Defendants have not received the discovery responses.

On February 1, 2006 a correspondence was sent to Attorney John E. Boyle, counsel of record for the Plaintiff, pursuant to Rule 37.1(A) requesting he advise when discovery responses would be delivered. See attached Exhibit "C".

On March 10, 2006 a correspondence was sent to Attorney John E. Boyle, counsel of record for the Plaintiff, pursuant to Rule 37.1(A) notifying him that Defendants still had not received discovery responses. In addition, a request was made to extend the discovery deadline until June 15, 2006. To date, Plaintiff has not responded. See attached Exhibit "D".

Wherefore, the Defendants move that the Plaintiff be ordered to answer the Defendants' Interrogatories and respond to the Defendants' Request for Production of Documents within twenty (20) days.

        DEFENDANTS
        TOWN OF WEST TISBURY
        WEST TISBURY POLICE DEPARTMENT
        HERBERT MOODY, DANIEL
        GOULDRUP, DANIEL ROSSI

        By their Attorneys,


        WYNN & WYNN, P.C.

        /s/ Charles D. Mulcahy
        Charles D. Mulcahy
        BBO #359360
        Wynn & Wynn, P.C.
        90 New State Highway
        Raynham, MA   02767
        (508) 823-4567
        cmulcahy@wynnandwynn.com

April 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

_____    *
JOHN GADOWSKI,                          *
    Plaintiff                          *
                                        *
v.                                      *
                                        *
WEST TISBURY POLICE                     *
DEPARTMENT, HERBERT                     *
MOODY, DANIEL GOULDRUP,                 *
DANIEL ROSSI                            *
    Defendants                         *
                                        *
_____*

**DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY,
DANIEL GOULDRUP AND DANIEL ROSSI'S
FIRST SET OF INTERROGATORIES PROPOUNDED
TO THE PLAINTIFF, JOHN GADOWSKI**

    Under authority of Rule 33 of the Massachusetts Rules of Civil Procedure, you are requested to answer in writing and under oath, within forty-five (45) days herefrom, unless ordered to be answered in shorter time by the Court, the following Interrogatories;

    ***Note:*** These interrogatories are intended as continuing interrogatories requiring you to answer by supplemental answer, setting forth any information within the scope of these interrogatories as may be required by you, your agent(s), attorney(s) or representative(s) following your original answer, or as otherwise required by Rule 26 of the Massachusetts Rules of Civil Procedure.

    All information is to be divulged which is in the possession of the individual party, his attorney(s), investigator(s), agent(s), employee(s), or other representative(s) of the named party or his attorney.

    If any interrogatory posed herein requires, in whole or in part, an answer that the Plaintiff claims to be privileged, then please answer so much of the Interrogatory as does not require an answer the Plaintiff claims to be privileged, and as to the remainder, state the nature of the privilege claimed and the grounds upon which the Plaintiff asserts such privilege.

1.    Please state your full name, date of birth, residential address, social security number, marital status, occupation and business address.

2.    Please provide a complete and detailed recitation of your educational history, commencing with high school, indicating all degrees or certificates conferred, and dates of same.

**EXHIBIT 'A'**

3. Please provide a complete and detailed recitation of your work history, commencing subsequent to your graduation from high school, providing in your response:
   a. the identities and addresses of all employers;
   b. the inclusive dates of your employment with each such employer;
   c. the gross compensation of each place of employment;
   d. your reason for leaving such place of employment.

4. Please state any injury or illness, whether emotional, mental or physical from which you suffered in the five (5) year period prior to the occurrences set forth in the Complaint.

5. Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the allegations set forth in the Complaint.

6. Please state:
   a. the name and address of each person whom you or your attorney expect to call as an expert witness at the trial of this action;
   b. the subject matter on which each expert is expected to testify;
   c. the substance of the facts and opinions to which each expert is expected to testify; and
   d. the grounds for each such opinion of each expert witness.

7. Please state:
   a. the name and address of each person whom you or your attorney expect to call as a witness at the trial of this action;
   b. the subject matter on which each witness is expected to testify; and
   c. the substance of the facts and opinions to which each witness is expected to testify.

8. Set forth whether photos were taken of the Plaintiff, the injuries sustained, or of the scene of the incident. List all other items which may be material or relevant to your proof, including any diagrams, surveys or exhibits. As to all of the above, identify each, the date taken or made, and by whom, and also the name and address of the person who has possession of them.

9  Please describe in full and complete detail the incident or occurrence giving rise to the Complaint, including in your response the date, time and place of the incident or occurrence.

10. Please give an account, itemized as fully and completely as possible, of all losses which you or your legal representatives are claiming you incurred as a result of the occurrences set forth in the Complaint, including but not limited to those losses which are attributable to hospital, medical or mental health care and treatment as well as any loss of earnings. Please include in your response;
   a. the name and address of each hospital, medical professional and mental health professional which rendered treatment to you, providing a complete description of the treatment you received, including the dates thereof, and any related costs.
   b. the dates between which you were absent from your employment and/or school as a result of the occurrence set forth in the Complaint, as well as your weekly earnings from the six (6) weeks prior to the incident alleged in the Complaint.

11. If any statement has been taken from the defendant, his agents, servants or employees, whether written or oral, or received from any person including yourself regarding in any way the occurrences set forth in the Complaint, please state:
    a. the name and address of the person from whom each such statement was obtained;
    b. the date of any such statement;
    c. the substance of any such statement;
    d. the name and address of the person, firm or corporation presently in possession or custody of such statement.

12. Please set forth in full and complete detail any other encounter(s) you have had with the police, specifying the date(s) and the nature of the encounter(s).

13. Please describe any and all statements or directions given to you by police officers at the scene of the incident, specifying who made the statement, the exact words used and the circumstances surrounding the statement.

14. State whether you have ever pleaded guilty, were convicted of or had a sentence imposed because of any criminal offense and, if so, state the charge, date, court and disposition.

15. Did you consume any alcoholic beverages, narcotics or medicines during the twenty four (24) hours prior to the incident? If so, state the kind of alcoholic beverages, narcotics, medicines, and the places where it was consumed, the amount you consumed, and when it was consumed with relation to the time of the incident.

16. State whether any notice was ever sent to either the Town of West Tisbury or any executive officer for the Defendant in the last two (2) years. Please include the date(s) of any notice.

17. State what actions, if any, you took to avoid the incident or to mitigate your alleged damages.

    Respectfully submitted
For the Defendants,
West Tisbury Police Department,
Herbert Moody, Daniel Gouldrup and
Daniel Rossi
By their Attorneys,

WYNN & WYNN, P.C.

_____
Charles D. Mulcahy, Esquire
BBO# 359360
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767
(508) 823-4567

Dated: December 13, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

_____
\*
JOHN GADOWSKI,             \*
    Plaintiff             \*
                          \*
v.                        \*
                          \*
WEST TISBURY POLICE        \*
DEPARTMENT, HERBERT        \*
MOODY, DANIEL GOULDRUP,    \*
DANIEL ROSSI              \*
    Defendants             \*
_____\*

**DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY,
DANIEL GOULDRUP AND DANIEL ROSSI'S
REQUEST FOR THE PRODUCTION OF DOCUMENTS
TO THE PLAINTIFF, JOHN GADOWSKI**

    The Defendants, West Tisbury Police Department, Herbert Moody, Daniel Gouldrup and Daniel Rossi, in the above-entitled action, through its attorney, and pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, request the Plaintiff, John Gadowski, produce and permit the said Defendants to inspect, copy and/or photograph all documents and things in the possession, custody, or control of the Plaintiff, or any agent of the Plaintiff, other than writings, documents, and tangible things prepared in anticipation of litigation or for trial by the Plaintiff or by or for the Plaintiff, by the Plaintiff's attorney(s), consultant(s), or agent(s) which embody, refer to, or relate in any way to the subject listed hereafter. The said Defendant request that the documents and the things herein be produced at the offices of said Defendant's attorney, Charles D. Mulcahy, Esquire, Wynn & Wynn, P.C., 90 New State Highway, Raynham, Massachusetts 02767, on or before the 30th day after service of this Request, except that compliance with this Request may be made by mailing copies of such documents to said Defendant's attorney, postage prepaid, such mailings to be postmarked on or before the 30th day following service of said Request.

**Definitions and Instructions:**

1.     The term "document" shall have the same meaning as the term "document" as that term is used in Massachusetts Rules of Civil Procedure, Rule 34, and shall include, without limitation, (a) any and all correspondence, letters, telegrams, cables, telex messages, memoranda, notes and notations, note papers, interoffice and interdepartmental communications, transcripts, books, pamphlets, periodicals, articles, press clippings, samples of any kind, promotional materials, advertising materials, requisitions, resolutions,

**EXHIBIT "B"**

        certificates, opinions, reports, studies, analyses, evaluations, applications, approvals, petitions, contracts, licenses, assignments, agreements, ledgers, checks, check stubs, books and records of account, statistical records, desk calendars, diaries, list tabulations, summaries, charts, graphs, photographs, computer tapes and printouts, magnetic tapes, microfilm, punch cards, and all other written or graphic matter; and, b) the original and each non-identical copy or duplicate of any of the foregoing, whether such copy of duplicate is non-identical by reason of handwritten notation or otherwise.

2. The word "you" means the party to whom the Requests are addressed including, without limitation, any agent, servant, employee, attorney, associate, or any other representative.

3. If the Plaintiff contends that any requested document is privileged or otherwise not subject to discovery, or if any requested document is withheld for any other reason, please state as to each such document:

   a. its date;
   b. each author or addressor of the document;
   c. each recipient or addressee of the document;
   d. the substance of the document;
   e. as to each original, duplicate original, or reproduction thereof, its last known location and the identity of the person in whose possession, custody or control it then was; and
   f. the specific grounds or reasons asserted for withholding the document.

**Requests:**

1. Each Federal Income Tax Return, including all enclosures and schedules attached thereto, filed by the Plaintiff for Calendar Year 1999 to date.

2. All records, bills and invoices which evidence any expenses incurred by the Plaintiff as a result of the damages alleged in the Complaint.

3. Each photograph which the Plaintiff intends to introduce as evidence at the trial of this matter.

4. All photographs which evidence the injuries and/or damages sustained by the Plaintiff as described in the Complaint.

5. Any written statement, signed or unsigned, by the Defendants which relates in any way to the occurrence giving rise to the Plaintiff's damages, and the surrounding circumstances.

6. Any written statement, signed or unsigned, by any eyewitness to the occurrence of the Plaintiff's damages, or the surrounding circumstances.

7. Copies of all signed and/or unsigned statement or statements recorded by mechanical and/or electronic means made by any agent, servant, or employee of the Defendants which are in the possession of the Plaintiff or under his control and which relate directly or indirectly to this incident.

8. All records, bills, invoices, check stubs or any other type of correspondence which evidence the receipt of any monies (e.g. workmen's compensation payments and/or disability insurance payments) paid to Plaintiff as a result of injuries sustained by Plaintiff alleged in Plaintiff's Complaint.

9. All medical reports and/or records of each physician, psychiatrist or other medical or mental health personnel by whom the Plaintiff was treated as a result of the injuries described in the Complaint.

10. All hospital records of medical history and treatment of each hospital at which the Plaintiff was treated as a result of the injuries described in the Complaint.

11. All records, bills and invoices which evidence the reasonable and necessary medical expenses incurred by the Plaintiff as a result of the injury described in the Complaint.

12. All records which evidence any actual loss of wage or salary by the Plaintiff as a result of the injury described in the Complaint.

13. All records which evidence any alleged diminution of past and future earning capacity by the Plaintiff as a result of the injuries described in the Complaint.

14. Any and all exhibits which Plaintiff intends to offer at trial.

    Respectfully submitted
For the Defendants,
West Tisbury Police Department,
Herbert Moody, Daniel Gouldrup,
And Daniel Rossi
By their Attorneys,

WYNN & WYNN, P.C.

_____
Charles D. Mulcahy, Esquire
BBO # 359360
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767
(508) 823-4567

December 13, 2005

February 1, 2006

John E. Boyle, Esquire
26 Church Street
P. O. Box 5126
Edgartown, MA   02539

RE:   John Gadowski v. Town of West Tisbury et al
      United States District Court, C.A. No. 05-10575-RCL

Dear Mr. Boyle:

Please be advised that I have not received responses to my discovery.  Please advise when I can expect same.

As you know, in order for me to schedule depositions I need additional information.

You also advised me that you were going to provide medical records that you had concerning your client which are important.

Very truly yours,

WYNN & WYNN, P.C.


Charles D. Mulcahy

CDM/crb
cc:   Michael A. Goldsmith, Esquire
      Lois Hewson, Claim Examiner (GFMS #233959)

**EXHIBIT "C"**

March 10, 2006

John E. Boyle, Esquire
26 Church Street
P. O. Box 5126
Edgartown, MA   02539

RE:   John Gadowski v. Town of West Tisbury et al
      United States District Court, C.A. No. 05-10575-RCL

Dear Mr. Boyle:

Please be advised that after our phone conversation I expected to receive the documents.

If it appears that we are not able to comply with the discovery deadline, it might be propitious for us to file an extension as far as discovery.

Please let me know your thoughts and I can prepare a motion perhaps to continue the discovery until June 15, 2006.

Please advise forthwith.

Very truly yours,

WYNN & WYNN, P.C.


Charles D. Mulcahy


CDM/ktm

cc:   Lois Hewson, Claim Examiner (GFMS #233959)

**EXHIBIT "D"**