UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

_____
                                        *
JOHN GADOWSKI                           *
        Plaintiff                       *
                                        *
v.                                      *
                                        *
TOWN OF WEST TISBURY                     *
AND WEST TISBURY POLICE                  *
DEPARTMENT, HERBERT                      *
MOODY, DANIEL GOULDRUP,                  *
DANIEL ROSSI                            *
        Defendants                      *
_____        *

**DEFENDANTS, TOWN OF WEST TISBURY, HERBERT MOODY, DANIEL
GOULDRUP, DANIEL ROSSI'S  MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS, OR, ALTERNATIVELY FOR SANCTIONS AGAINST PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(C), Defendants, Town of

West Tisbury, Herbert Moody, Daniel Gouldrup, and Daniel Rossi (hereinafter the "Defendants"),

respectfully submit their Memorandum in Support of Their Motion to Dismiss, or In the Alternative,

for Sanctions Against Plaintiff.  As discussed below, plaintiff's Complaint should be dismissed with

prejudice due to plaintiff's failure to comply with this Court's May 24, 2006 Order granting

Defendants' Motion to Compel discovery.  The Defendants have been greatly prejudiced by

plaintiff's refusal to abide by his discovery obligations and this Court's Order.  Not only have the

Defendants incurred attorney's fees and costs in attempting to secure plaintiff's discovery responses,

but discovery has now expired without Defendants being able to obtain these responses.

In the alternative, the Defendants ask for sanctions to be imposed against plaintiff, including a monetary sanction imposed in the amount of $780.75, a requirement that plaintiff pay monetary sanction within fourteen days of the Court's Order, and a requirement that plaintiff provide his answers to interrogatories and responses to request for production within fourteen days of the Court's Order. The Defendants further requests the Order provide that plaintiff's failure to comply with any of these conditions precedent will result in the automatic dismissal of plaintiff's Complaint with prejudice.

In further support of their motion, the Defendants attach the Affidavit of Charles D. Mulcahy, Esq., as *Exhibit A* of this memorandum. As stated in the accompanying Affidavit, Defendants' counsel certifies that he has, in good faith, personally conferred with plaintiff's counsel in an effort to secure the discovery without Court action.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action in United States District Court for the District of Massachusetts on September 21, 2005. Plaintiff has attempted to assert claims against the Defendants in which he claims that the actions of the Defendants caused plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States and Defendants actions constitute the Massachusetts tort of battery. *See Complaint ¶¶18 & 19.* Plaintiff seeks compensatory and punitive damages as a result of Defendants' alleged actions. *See Complaint*.

On December 2, 2005, a Joint Scheduling Statement was entered on behalf of the parties. This statement outlined the parties proposed discovery plan and deadlines. According to the plan, automatic document disclosures were to be completed on or about December, 15, 2005; all written discovery shall be served on or before February 28, 2006 and shall be completed by June 30, 2006.

*See Joint Scheduling Statement attached as Exhibit "B"*.  Defendants filed their automatic document disclosure on December 15, 2005; as to date, plaintiff has not filed his automatic document disclosure.

Defendants served plaintiff with written discovery on December 13, 2005 and plaintiff did not provide his responses within 30 days as set forth by Fed.R.Civ.P. 33 and 34.  *See Exhibit "A" ¶¶ 2&3; See Defendants' Interrogatories and Request for Production to Plaintiff attached as Exhibit "C"*.  On February 1, 2006, the Defendants had not received plaintiff's discovery responses, so counsel for the Defendants sent plaintiff's counsel a letter stating that he had not received discovery responses and asked plaintiff's counsel to advise when receipt should be expected.  *See Exhibit A, ¶4.*  On March 10, 2006, Defendants had still not received plaintiff's discovery responses, counsel for the Defendants again sent plaintiff's counsel a letter stating he had not received said documents and recommending the parties file for an extension of discovery.  *See Exhibit A, ¶5.*  When plaintiff failed to respond to these letters and failed to provide discovery responses, the Defendants filed a Motion to Compel discovery responses within 20 days of Order being granted on April 24, 2006.  *See Defendant's Motion to Compel attached as Exhibit "D"; See Exhibit "A", ¶6.*

On May 24, 2006, the Court granted Defendants' Motion to Compel.  *See Court's May 24, 2004 Order attached as Exhibit "E"; See Exhibit "A", ¶7.*  Twenty days passed and plaintiff still did not provide discovery responses.  *See Exhibit "A", ¶8.*  Attorney Mulcahy contacted Plaintiff's counsel regarding these discovery responses and was informed that responses would be provided at the plaintiff's deposition on July 11, 2006.  *See Exhibit "A", ¶9*.  To date, plaintiff has not provided the Defendants with discovery responses.  *See Exhibit "A", ¶10.*  Additionally, Plaintiff has not initiated any discovery.  *See Exhibit "A", ¶11.*

Finally, the Defendants has incurred $780.75 in attorney's fees and expenses due to plaintiff's action. *See Exhibit "A", ¶ 12.* Defendants' attorney's fees will only continue to increase as it dedicates more time to the presentation of this motion to the court.

## II.    ARGUMENT

     *A.*    Plaintiff's Complaint Should Be Dismissed With Prejudice

Federal Rule of Civil Procedure 41(b) grants the district court the power to dismiss a case "[f]or the failure of the plaintiff to prosecute or to comply with these rules or any order of the court." In addition, this dismissal power is also found in Rule 37(b)(2)(C), and 37(d), which allow a court to enter an order dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

A court is not necessarily required to attempt less severe sanction before turning to the sanction of dismissal. *Farm Construction Services, Inc. v. Fudge*, 831 F.2d 18, 20 (1st Cir. 1987). Dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme. *Enlace Mercantil Internacional, Inc., v. Senior Industries, Inc.*, 848 F.2d 315, 317 (1st Cir. 1988). The Courts have recognized that disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct. *Tower Ventures, Inc. v. City of Westfield*, 296 F. 3d 43, 46 (1st Cir. 2002); *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987). In fact, a finding of bad faith is not a condition precedent to imposing a sanction of dismissal. *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir. 2003). It is axiomatic that a litigant who ignores a case-management deadline does so at his peril. *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). The United States Supreme Court has stated that using dismissal as a sanction recognizes the court's strong interest in maintaining discipline and husbanding judicial resources;

after all, such a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976).

At the outset of the case, plaintiff violated the Joint Scheduling Statement by not filing his automatic document disclosures by December 15, 2005. Plaintiff then continued his disregard of the Court's Rules and Order by failing to provide Defendants with discovery responses even after production of said documents was compelled by the Court on May 24, 2006. To date, Plaintiff has failed to provide the Defendants with either an automatic document disclosure or discovery responses.

Applying Rules 41(b), 37(b)(2)(C) & 37(d), and the applicable First Circuit authority, the Court should dismiss Plaintiff's Complaint with prejudice. From the very commencement of this action the plaintiff has dragged his heels. In fact, regarding the discovery phase, the plaintiff for no apparent reason has failed to comply with deadlines mandated by the Civil Rules, even after the Defendants have voluntarily extended the deadlines. At this time discovery has been closed and the Defendants were forced to take plaintiff's deposition without the aid of plaintiff's discovery responses. Plaintiff's unwillingness to supply the Defendants with discovery responses has cost Defendants time and money and infringed on their ability to defend this lawsuit. Further, Plaintiff has been given every opportunity to abide by his discovery obligations and this Court's Order, but refused to do so. Dismissal is the appropriate course of action in these circumstances.

B.    Alternatively, Conditions Should Be Placed on Plaintiff's Lawsuit Proceeding.

Federal Rules of Civil Procedure 41(b), 37(b)(2)(c) & 37(c) also grant this Court the power to impose sanction short of dismissal. The Court has considerable discretion when deciding whether

to impose sanction and has the ability to impose monetary sanctions on plaintiff. *Jones v. Winnepesaukee Realty*, 990 F. 2d 1 (1st Cir. 1993). In the event the Court determines plaintiff's Complaint should not be dismissed, the Defendants request the following conditions be placed on plaintiff's lawsuit:

1.      Plaintiff should be required to provide Answers to Interrogatories and Responses to Request for Production of Documents within fourteen days of the Court's Order;

2.      Plaintiff should be compelled to pay the $780.75 sanction ordered by the Court within fourteen days of the Court's Order. The check should be made payable to Wynn & Wynn, P.C. and received by counsel for defendants within fourteen days of the Court's Order.

3.      In light of the foregoing, the deadline to file dispositive motions should be extended by an additional sixty days and the trial date should likewise be extended.

4.      The Defendants further requests the Order forewarn plaintiff that his failure to abide by any of the conditions set forth in the Court's Order will result in automatic dismissal of his Complaint with prejudice.

These sanction are warranted because the Defendants have tired all reasonable means to secure the requested discovery from plaintiff, including phone conferences with plaintiff's counsel, written correspondence, and the filing of a Motion to Compel discovery responses. In response, plaintiff has chosen not to provide timely discovery responses and ignore the Court's Order. Plaintiff's actions have hindered the Defendants' investigation, their ability to take depositions, delayed their preparation of witness and exhibit lists and any designation of expert witnesses. Plaintiff's unreasonable delay responding to discovery has also forced Defendant to waste valuable

time and resources to prepare this motion. Defense counsel has taken every reasonable step to avoid filing the present motion.

## III.    CONCLUSION

WHEREFORE, for the reasons set above, Defendant respectfully requests that the Court enter an Order sanctioning Plaintiff and dismissing Plaintiff's case with prejudice, or in the alternative, to place conditions on plaintiff's lawsuit proceeding, as detailed above, and for such other and further relief as the Court deems proper under the premises.

> Respectfully submitted,
> For the Defendants,
> By their Attorneys,
>
>
> WYNN & WYNN, P.C.
>
> /s/ Charles D. Mulcahy
> Charles D. Mulcahy
> BBO #359360
> Wynn & Wynn, P.C.
> 90 New State Highway
> Raynham, MA    02767
> (508) 823-4567
> cmulcahy@wynnandwynn.com

Dated:  August 23, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

_____
                                          *
JOHN GADOWSKI                             *
      Plaintiff                     *
                                          *
v.                                        *
                                          *
TOWN OF WEST TISBURY                      *
AND WEST TISBURY POLICE                   *
DEPARTMENT, HERBERT                        *
MOODY, DANIEL GOULDRUP,                    *
DANIEL ROSSI                              *
      Defendants                     *
_____          *

## AFFIDAVIT OF DEFENDANTS' COUNSEL

I, Charles D. Mulcahy, Esq., hereby state under oath the following:

1.  I am counsel of record for the Defendants, Town of West Tisbury, Herbert Moody, Daniel Gouldrup, Daniel Rossi, in this action.

2.  On December 13, 2005, Interrogatories and Request for Production of Documents were served upon the Plaintiff, John Gadowski, by mailing a copy, to the attorney of record for the Plaintiff, John E. Boyle, Esq., 26 Church Street, Edgartown, Massachusetts 02539.

3.  The time period provided under Fed.R.Civ.P. 33(b)(3) & 34(b) for filing answers and responses expired and no answers and responses were served to the interrogating party.

4.  On February 1, 2006, I sent a letter to plaintiff's counsel stating I had yet to receive his client's discovery responses and asked to be advised as to when I would receive said responses; plaintiff made no response.

5.  On March 10, 2006, I sent a second correspondence to plaintiff's counsel stating I had not received his client's discovery responses and recommend filing a motion to extension discovery; plaintiff made no response.

6.  On April 24, 2006, I filed a Motion to Compel production of discovery responses within 20 days of Order being granted.

7.   On May 24, 2006, the Honorable Reginald C. Lindsay granted Defendants' Motion to Compel.

8.   Twenty days after the Court granting Defendants' Motion to Compel plaintiff had not produced discovery responses.

9.   After the granting of Defendants' Motion to Compel but prior to plaintiff's deposition I spoke with plaintiff's counsel via telephone conference regarding the production of discovery responses; Attorney Boyle informed me that he would provide said responses at his client's deposition.

10.   On July 11, 2006, plaintiff's deposition was taken and plaintiff failed to provide his discovery responses.

11.   To date, plaintiff has not provided discovery responses.

12.   To date, plaintiff has not served written discovery on the Defendants.

13.   To date, Defendants have spent $780.75 in attorney's fees and expenses trying to secure production of plaintiff's discovery responses.

Signed under the pains and penalties of perjury this 22nd day of August, 2006.


/s/Charles D. Mulcahy
Charles D. Mulcahy,   BBO #359360

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

——————————————————    *

JOHN GADOWSKI                           *
    Plaintiff                            *
                                         *
                                         *
v.                                      *
                                         *
TOWN OF WEST TISBURY                    *
AND WEST TISBURY POLICE                 *
DEPARTMENT, HERBERT                     *
MOODY, DANIEL GOULDRUP,                 *
DANIEL ROSSI                            *
    Defendants                           *
——————————————————    *

**JOINT SCHEDULING STATEMENT**

1.    <u>DISCOVERY PLAN</u>

    The parties propose the following discovery plan:

    a.    Automatic document disclosure to be completed on or about December 15, 2005;

    b.    All written discovery shall be served on or before February 28, 2006 and shall be completed by June 30, 2006;

    c.    Supplemental written discovery requests shall be served on or before August 15, 2006;

    d.    All non-expert depositions to be completed by April 30, 2006;

    e.    Plaintiff's expert witnesses shall be designated by May 15, 2006 and Defendants' expert witnesses shall be designated within 30 days after Plaintiff's disclosure;

    f.    All expert depositions shall be completed within 30 days of Defendants' expert designation.

2.    <u>MOTION SCHEDULE</u>

    a.    All dispositive motions are to be filed on or before September 30, 2006;

3.    <u>ADR SCHEDULE</u>

If the parties agree to submit this matter to alternative dispute resolution through the court-sponsored mediation program, they shall schedule mediation for a mutual agreeable time after the completion of discovery.

4.    CERTIFICATIONS

The parties will file L.R. 16.1 certifications of conferral on or before the date of the scheduling conference.

5.    CONSENT TO TRIAL BY MAGISTRATE

The parties consent to trial of this matter before a magistrate judge.

PLAINTIFF                                    DEFENDANTS
By his Attorney                              By their Attorneys,

                                             WYNN & WYNN, P.C.

/s/John E. Boyle                             /s/ Charles D . Mulcahy
John E. Boyle                                Charles D. Mulcahy
BBO #052640                                  BBO #359360
26 Church Street                             Wynn & Wynn, P.C.
Edgartown, MA   02539                        90 New State Highway
(508) 627-4331                               Raynham, MA   02767
                                             (508) 823-4567
                                             cmulcahy@wynnandwynn.com

December 2, 2005

**Other Documents**

1:05-cv-10575-RCL Gadowski v. Town of West Tisbury et al

# United States District Court

## District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Mulcahy, Charles entered on 12/2/2005 at 10:49 AM EST and filed on 12/2/2005

**Case Name:**     Gadowski v. Town of West Tisbury et al
**Case Number:**     1:05-cv-10575
**Filer:**
**Document Number:** 13

**Docket Text:**
JOINT STATEMENT re scheduling conference. (Mulcahy, Charles)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=12/2/2005] [FileNumber=1223395-0
] [332cfcc2ab75b00eb37e44271cc684c880de5aec7632a5ea5735f8eb577d9e7d9e1
69549b629d18a37ce9c43627fd42d6ab124a1efd67698c2c32e315fe2744d]]

**1:05-cv-10575 Notice will be electronically mailed to:**

Charles D. Mulcahy     wynn25@rcn.com

**1:05-cv-10575 Notice will not be electronically mailed to:**

John E. Boyle
P.O. Box 5126
26 Church Street
Edgartown, MA 02539

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

|  |  |
|---|---|
| JOHN GADOWSKI,<br>Plaintiff<br><br>v.<br><br>WEST TISBURY POLICE<br>DEPARTMENT, HERBERT<br>MOODY, DANIEL GOULDRUP,<br>DANIEL ROSSI<br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY,
DANIEL GOULDRUP AND DANIEL ROSSI'S
FIRST SET OF INTERROGATORIES PROPOUNDED
TO THE PLAINTIFF, JOHN GADOWSKI**

Under authority of Rule 33 of the Massachusetts Rules of Civil Procedure, you are requested to answer in writing and under oath, within forty-five (45) days herefrom, unless ordered to be answered in shorter time by the Court, the following Interrogatories;

**_Note:_** These interrogatories are intended as continuing interrogatories requiring you to answer by supplemental answer, setting forth any information within the scope of these interrogatories as may be required by you, your agent(s), attorney(s) or representative(s) following your original answer, or as otherwise required by Rule 26 of the Massachusetts Rules of Civil Procedure.

All information is to be divulged which is in the possession of the individual party, his attorney(s), investigator(s), agent(s), employee(s), or other representative(s) of the named party or his attorney.

If any interrogatory posed herein requires, in whole or in part, an answer that the Plaintiff claims to be privileged, then please answer so much of the Interrogatory as does not require an answer the Plaintiff claims to be privileged, and as to the remainder, state the nature of the privilege claimed and the grounds upon which the Plaintiff asserts such privilege.

1.   Please state your full name, date of birth, residential address, social security number, marital status, occupation and business address.

2.   Please provide a complete and detailed recitation of your educational history, commencing with high school, indicating all degrees or certificates conferred, and dates of same.

3.      Please provide a complete and detailed recitation of your work history, commencing subsequent to your graduation from high school, providing in your response:
   a.      the identities and addresses of all employers;
   b.      the inclusive dates of your employment with each such employer;
   c.      the gross compensation of each place of employment;
   d.      your reason for leaving such place of employment.

4.      Please state any injury or illness, whether emotional, mental or physical from which you suffered in the five (5) year period prior to the occurrences set forth in the Complaint.

5.      Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the allegations set forth in the Complaint.

6.      Please state:
   a.      the name and address of each person whom you or your attorney expect to call as an expert witness at the trial of this action;
   b.      the subject matter on which each expert is expected to testify;
   c.      the substance of the facts and opinions to which each expert is expected to testify; and
   d.      the grounds for each such opinion of each expert witness.

7.      Please state:
   a.      the name and address of each person whom you or your attorney expect to call as a witness at the trial of this action;
   b.      the subject matter on which each witness is expected to testify; and
   c.      the substance of the facts and opinions to which each witness is expected to testify.

8.      Set forth whether photos were taken of the Plaintiff, the injuries sustained, or of the scene of the incident.  List all other items which may be material or relevant to your proof, including any diagrams, surveys or exhibits.  As to all of the above, identify each, the date taken or made, and by whom, and also the name and address of the person who has possession of them.

9       Please describe in full and complete detail the incident or occurrence giving rise to the Complaint, including in your response the date, time and place of the incident or occurrence.

10.     Please give an account, itemized as fully and completely as possible, of all losses which you or your legal representatives are claiming you incurred as a result of the occurrences set forth in the Complaint, including but not limited to those losses which are attributable to hospital, medical or mental health care and treatment as well as any loss of earnings.  Please include in your response;
   a.      the name and address of each hospital, medical professional and mental health professional which rendered treatment to you, providing a complete description of the treatment you received, including the dates thereof, and any related costs.
   b.      the dates between which you were absent from your employment and/or school as a result of the occurrence set forth in the Complaint, as well as your weekly earnings from the six (6) weeks prior to the incident alleged in the Complaint.

11. If any statement has been taken from the defendant, his agents, servants or employees, whether written or oral, or received from any person including yourself regarding in any way the occurrences set forth in the Complaint, please state:

    a.    the name and address of the person from whom each such statement was obtained;

    b.    the date of any such statement;

    c.    the substance of any such statement;

    d.    the name and address of the person, firm or corporation presently in possession or custody of such statement.

12. Please set forth in full and complete detail any other encounter(s) you have had with the police, specifying the date(s) and the nature of the encounter(s).

13. Please describe any and all statements or directions given to you by police officers at the scene of the incident, specifying who made the statement, the exact words used and the circumstances surrounding the statement.

14. State whether you have ever pleaded guilty, were convicted of or had a sentence imposed because of any criminal offense and, if so, state the charge, date, court and disposition.

15. Did you consume any alcoholic beverages, narcotics or medicines during the twenty four (24) hours prior to the incident? If so, state the kind of alcoholic beverages, narcotics, medicines, and the places where it was consumed, the amount you consumed, and when it was consumed with relation to the time of the incident.

16. State whether any notice was ever sent to either the Town of West Tisbury or any executive officer for the Defendant in the last two (2) years. Please include the date(s) of any notice.

17. State what actions, if any, you took to avoid the incident or to mitigate your alleged damages.

Respectfully submitted
For the Defendants,
West Tisbury Police Department,
Herbert Moody, Daniel Gouldrup and
Daniel Rossi
By their Attorneys,

WYNN & WYNN, P.C.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _12/13/05_.

_____
Charles D. Mulcahy, Esquire
BBO# 359360
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767
(508) 823-4567

Dated: December 13, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

|  |  |
|---|---|
| JOHN GADOWSKI,<br>    Plaintiff<br><br>v.<br><br>WEST TISBURY POLICE<br>DEPARTMENT, HERBERT<br>MOODY, DANIEL GOULDRUP,<br>DANIEL ROSSI<br>    Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY, DANIEL GOULDRUP AND DANIEL ROSSI'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE PLAINTIFF, JOHN GADOWSKI

The Defendants, West Tisbury Police Department, Herbert Moody, Daniel Gouldrup and Daniel Rossi, in the above-entitled action, through its attorney, and pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, request the Plaintiff, John Gadowski, produce and permit the said Defendants to inspect, copy and/or photograph all documents and things in the possession, custody, or control of the Plaintiff, or any agent of the Plaintiff, other than writings, documents, and tangible things prepared in anticipation of litigation or for trial by the Plaintiff or by or for the Plaintiff, by the Plaintiff's attorney(s), consultant(s), or agent(s) which embody, refer to, or relate in any way to the subject listed hereafter. The said Defendant request that the documents and the things herein be produced at the offices of said Defendant's attorney, Charles D. Mulcahy, Esquire, Wynn & Wynn, P.C., 90 New State Highway, Raynham, Massachusetts 02767, on or before the 30th day after service of this Request, except that compliance with this Request may be made by mailing copies of such documents to said Defendant's attorney, postage prepaid, such mailings to be postmarked on or before the 30th day following service of said Request.

### Definitions and Instructions:

1.    The term "document" shall have the same meaning as the term "document" as that term is used in Massachusetts Rules of Civil Procedure, Rule 34, and shall include, without limitation, (a) any and all correspondence, letters, telegrams, cables, telex messages, memoranda, notes and notations, note papers, interoffice and interdepartmental communications, transcripts, books, pamphlets, periodicals, articles, press clippings, samples of any kind, promotional materials, advertising materials, requisitions, resolutions,

certificates, opinions, reports, studies, analyses, evaluations, applications, approvals, petitions, contracts, licenses, assignments, agreements, ledgers, checks, check stubs, books and records of account, statistical records, desk calendars, diaries, list tabulations, summaries, charts, graphs, photographs, computer tapes and printouts, magnetic tapes, microfilm, punch cards, and all other written or graphic matter; and, b) the original and each non-identical copy or duplicate of any of the foregoing, whether such copy of duplicate is non-identical by reason of handwritten notation or otherwise.

2.     The word "you" means the party to whom the Requests are addressed including, without limitation, any agent, servant, employee, attorney, associate, or any other representative.

3.     If the Plaintiff contends that any requested document is privileged or otherwise not subject to discovery, or if any requested document is withheld for any other reason, please state as to each such document:

   a.    its date;
   b.    each author or addressor of the document;
   c.    each recipient or addressee of the document;
   d.    the substance of the document;
   e.    as to each original, duplicate original, or reproduction thereof, its last known location and the identity of the person in whose possession, custody or control it then was; and
   f.    the specific grounds or reasons asserted for withholding the document.

### Requests:

1.     Each Federal Income Tax Return, including all enclosures and schedules attached thereto, filed by the Plaintiff for Calendar Year 1999 to date.

2.     All records, bills and invoices which evidence any expenses incurred by the Plaintiff as a result of the damages alleged in the Complaint.

3.     Each photograph which the Plaintiff intends to introduce as evidence at the trial of this matter.

4.     All photographs which evidence the injuries and/or damages sustained by the Plaintiff as described in the Complaint.

5.     Any written statement, signed or unsigned, by the Defendants which relates in any way to the occurrence giving rise to the Plaintiff's damages, and the surrounding circumstances.

6.     Any written statement, signed or unsigned, by any eyewitness to the occurrence of the Plaintiff's damages, or the surrounding circumstances.

7.    Copies of all signed and/or unsigned statement or statements recorded by mechanical and/or electronic means made by any agent, servant, or employee of the Defendants which are in the possession of the Plaintiff or under his control and which relate directly or indirectly to this incident.

8.    All records, bills, invoices, check stubs or any other type of correspondence which evidence the receipt of any monies (e.g. workmen's compensation payments and/or disability insurance payments) paid to Plaintiff as a result of injuries sustained by Plaintiff alleged in Plaintiff's Complaint.

9.    All medical reports and/or records of each physician, psychiatrist or other medical or mental health personnel by whom the Plaintiff was treated as a result of the injuries described in the Complaint.

10.    All hospital records of medical history and treatment of each hospital at which the Plaintiff was treated as a result of the injuries described in the Complaint.

11.    All records, bills and invoices which evidence the reasonable and necessary medical expenses incurred by the Plaintiff as a result of the injury described in the Complaint.

12.    All records which evidence any actual loss of wage or salary by the Plaintiff as a result of the injury described in the Complaint.

13.    All records which evidence any alleged diminution of past and future earning capacity by the Plaintiff as a result of the injuries described in the Complaint.

14.    Any and all exhibits which Plaintiff intends to offer at trial.

Respectfully submitted
For the Defendants,
West Tisbury Police Department,
Herbert Moody, Daniel Gouldrup,
And Daniel Rossi
By their Attorneys,

WYNN & WYNN, P.C.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _12/13/05_____.

_____

_____
Charles D. Mulcahy, Esquire
BBO # 359360
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767
(508) 823-4567

December 13, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

| | |
|---|---|
| JOHN GADOWSKI | * |
| Plaintiff | * |
| | * |
| | * |
| v. | * |
| | * |
| WEST TISBURY POLICE | * |
| DEPARTMENT, HERBERT | * |
| MOODY, DANIEL GOULDRUP, | * |
| DANIEL ROSSI | * |
| Defendants | * |
| | * |

## MOTION OF THE DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY, DANIEL GOULDRUP, AND DANIEL ROSSI, TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF, JOHN GADOWSKI

Now come Defendants, West Tisbury Police Department, Herbert Moody, Daniel Gouldrup, and Daniel Rossi, in their capacity as Tisbury Police Officers, and moves this Honorable Court to order the Plaintiff, John Gadowski, to answer the Defendants' Interrogatories and respond to the Defendants' Request for Production of Documents.

In support of this Motion, the Defendants submit the attached Memorandum.

Wherefore, the Defendants move that the Motion to Compel be allowed and that the Plaintiff be ordered to answer the Defendants' Interrogatories and respond to the Defendants' Request for Production of Documents within twenty (20) days.

DEFENDANTS
TOWN OF WEST TISBURY
WEST TISBURY POLICE DEPARTMENT
HERBERT MOODY, DANIEL
GOULDRUP, DANIEL ROSSI

By their Attorneys,


WYNN & WYNN, P.C.

/s/ Charles D . Mulcahy
Charles D. Mulcahy
BBO #359360
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA    02767
(508) 823-4567
cmulcahy@wynnandwynn.com

April 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

|  |  |
|---|---|
| JOHN GADOWSKI<br>        Plaintiff | *<br>*<br>*<br>* |
| v. | *<br>* |
| WEST TISBURY POLICE<br>DEPARTMENT, HERBERT<br>MOODY, DANIEL GOULDRUP,<br>DANIEL ROSSI<br>        Defendants | *<br>*<br>*<br>*<br>* |

## MEMORANDUM IN SUPPORT OF MOTION OF THE DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY, DANIEL GOULDRUP, AND DANIEL ROSSI, TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF, JOHN GADOWSKI

As grounds for the Defendants' Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents by the Plaintiff, the Defendants state that pursuant to Rule 33 and Rule 34, a Request for Production of Documents and Interrogatories were served upon the Plaintiff, through counsel, on December 13, 2005. See attached Exhibit "A" and Exhibit "B". The time in which the Plaintiff must respond has expired and, to date, the Defendants have not received the discovery responses.

On February 1, 2006 a correspondence was sent to Attorney John E. Boyle, counsel of record for the Plaintiff, pursuant to Rule 37.1(A) requesting he advise when discovery responses would be delivered. See attached Exhibit "C".

On March 10, 2006 a correspondence was sent to Attorney John E. Boyle, counsel of record for the Plaintiff, pursuant to Rule 37.1(A) notifying him that Defendants still had not received discovery responses. In addition, a request was made to extend the discovery deadline until June 15, 2006. To date, Plaintiff has not responded. See attached Exhibit "D".

Wherefore, the Defendants move that the Plaintiff be ordered to answer the Defendants' Interrogatories and respond to the Defendants' Request for Production of Documents within twenty (20) days.

DEFENDANTS
TOWN OF WEST TISBURY
WEST TISBURY POLICE DEPARTMENT
HERBERT MOODY, DANIEL
GOULDRUP, DANIEL ROSSI

By their Attorneys,


WYNN & WYNN, P.C.

/s/ Charles D . Mulcahy
Charles D. Mulcahy
BBO #359360
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA    02767
(508) 823-4567
cmulcahy@wynnandwynn.com

April 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

|  |  |
|---|---|
| JOHN GADOWSKI, | * |
| Plaintiff | * |
|  | * |
|  | * |
| v. | * |
|  | * |
| WEST TISBURY POLICE | * |
| DEPARTMENT, HERBERT | * |
| MOODY, DANIEL GOULDRUP, | * |
| DANIEL ROSSI | * |
| Defendants | * |
|  | * |

### DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY, DANIEL GOULDRUP AND DANIEL ROSSI'S FIRST SET OF INTERROGATORIES PROPOUNDED TO THE PLAINTIFF, JOHN GADOWSKI

Under authority of Rule 33 of the Massachusetts Rules of Civil Procedure, you are requested to answer in writing and under oath, within forty-five (45) days herefrom, unless ordered to be answered in shorter time by the Court, the following Interrogatories;

**Note:** These interrogatories are intended as continuing interrogatories requiring you to answer by supplemental answer, setting forth any information within the scope of these interrogatories as may be required by you, your agent(s), attorney(s) or representative(s) following your original answer, or as otherwise required by Rule 26 of the Massachusetts Rules of Civil Procedure.

All information is to be divulged which is in the possession of the individual party, his attorney(s), investigator(s), agent(s), employee(s), or other representative(s) of the named party or his attorney.

If any interrogatory posed herein requires, in whole or in part, an answer that the Plaintiff claims to be privileged, then please answer so much of the Interrogatory as does not require an answer the Plaintiff claims to be privileged, and as to the remainder, state the nature of the privilege claimed and the grounds upon which the Plaintiff asserts such privilege.

1.  Please state your full name, date of birth, residential address, social security number, marital status, occupation and business address.

2.  Please provide a complete and detailed recitation of your educational history, commencing with high school, indicating all degrees or certificates conferred, and dates of same.

### EXHIBIT 'A'

3.  Please provide a complete and detailed recitation of your work history, commencing subsequent to your graduation from high school, providing in your response:
    a.  the identities and addresses of all employers;
    b.  the inclusive dates of your employment with each such employer;
    c.  the gross compensation of each place of employment;
    d.  your reason for leaving such place of employment.

4.  Please state any injury or illness, whether emotional, mental or physical from which you suffered in the five (5) year period prior to the occurrences set forth in the Complaint.

5.  Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the allegations set forth in the Complaint.

6.  Please state:
    a.  the name and address of each person whom you or your attorney expect to call as an expert witness at the trial of this action;
    b.  the subject matter on which each expert is expected to testify;
    c.  the substance of the facts and opinions to which each expert is expected to testify; and
    d.  the grounds for each such opinion of each expert witness.

7.  Please state:
    a.  the name and address of each person whom you or your attorney expect to call as a witness at the trial of this action;
    b.  the subject matter on which each witness is expected to testify; and
    c.  the substance of the facts and opinions to which each witness is expected to testify.

8.  Set forth whether photos were taken of the Plaintiff, the injuries sustained, or of the scene of the incident. List all other items which may be material or relevant to your proof, including any diagrams, surveys or exhibits. As to all of the above, identify each, the date taken or made, and by whom, and also the name and address of the person who has possession of them.

9   Please describe in full and complete detail the incident or occurrence giving rise to the Complaint, including in your response the date, time and place of the incident or occurrence.

10. Please give an account, itemized as fully and completely as possible, of all losses which you or your legal representatives are claiming you incurred as a result of the occurrences set forth in the Complaint, including but not limited to those losses which are attributable to hospital, medical or mental health care and treatment as well as any loss of earnings. Please include in your response;
    a.  the name and address of each hospital, medical professional and mental health professional which rendered treatment to you, providing a complete description of the treatment you received, including the dates thereof, and any related costs.
    b.  the dates between which you were absent from your employment and/or school as a result of the occurrence set forth in the Complaint, as well as your weekly earnings from the six (6) weeks prior to the incident alleged in the Complaint.

11.  If any statement has been taken from the defendant, his agents, servants or employees, whether written or oral, or received from any person including yourself regarding in any way the occurrences set forth in the Complaint, please state:
   a.  the name and address of the person from whom each such statement was obtained;
   b.  the date of any such statement;
   c.  the substance of any such statement;
   d.  the name and address of the person, firm or corporation presently in possession or custody of such statement.

12.  Please set forth in full and complete detail any other encounter(s) you have had with the police, specifying the date(s) and the nature of the encounter(s).

13.  Please describe any and all statements or directions given to you by police officers at the scene of the incident, specifying who made the statement, the exact words used and the circumstances surrounding the statement.

14.  State whether you have ever pleaded guilty, were convicted of or had a sentence imposed because of any criminal offense and, if so, state the charge, date, court and disposition.

15.  Did you consume any alcoholic beverages, narcotics or medicines during the twenty four (24) hours prior to the incident? If so, state the kind of alcoholic beverages, narcotics, medicines, and the places where it was consumed, the amount you consumed, and when it was consumed with relation to the time of the incident.

16.  State whether any notice was ever sent to either the Town of West Tisbury or any executive officer for the Defendant in the last two (2) years. Please include the date(s) of any notice.

17.  State what actions, if any, you took to avoid the incident or to mitigate your alleged damages.

Respectfully submitted
For the Defendants,
West Tisbury Police Department,
Herbert Moody, Daniel Gouldrup and
Daniel Rossi
By their Attorneys,

WYNN & WYNN, P.C.

_____
Charles D. Mulcahy, Esquire
BBO# 359360
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767
(508) 823-4567

Dated:  December 13, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10575-RCL

| | |
|---|---|
| JOHN GADOWSKI,<br>    Plaintiff | *<br>*<br>* |
| | *<br>* |
| v. | *<br>* |
| | * |
| WEST TISBURY POLICE | * |
| DEPARTMENT, HERBERT | * |
| MOODY, DANIEL GOULDRUP, | * |
| DANIEL ROSSI | * |
|     Defendants | *<br>* |

**DEFENDANTS, WEST TISBURY POLICE DEPARTMENT, HERBERT MOODY,
DANIEL GOULDRUP AND DANIEL ROSSI'S
REQUEST FOR THE PRODUCTION OF DOCUMENTS
TO THE PLAINTIFF, JOHN GADOWSKI**

    The Defendants, West Tisbury Police Department, Herbert Moody, Daniel Gouldrup and Daniel Rossi, in the above-entitled action, through its attorney, and pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, request the Plaintiff, John Gadowski, produce and permit the said Defendants to inspect, copy and/or photograph all documents and things in the possession, custody, or control of the Plaintiff, or any agent of the Plaintiff, or any agent of the Plaintiff, or tangible things prepared in anticipation of litigation or for trial by the Plaintiff or by or for the Plaintiff, by the Plaintiff's attorney(s), consultant(s), or agent(s) which embody, refer to, or relate in any way to the subject listed hereafter. The said Defendant request that the documents and the things herein be produced at the offices of said Defendant's attorney, Charles D. Mulcahy, Esquire, Wynn & Wynn, P.C., 90 New State Highway, Raynham, Massachusetts 02767, on or before the 30th day after service of this Request, except that compliance with this Request may be made by mailing copies of such documents to said Defendant's attorney, postage prepaid, such mailings to be postmarked on or before the 30th day following service of said Request.

**Definitions and Instructions:**

1.    The term "document" shall have the same meaning as the term "document" as that term is used in Massachusetts Rules of Civil Procedure, Rule 34, and shall include, without limitation, (a) any and all correspondence, letters, telegrams, cables, telex messages, memoranda, notes and notations, note papers, interoffice and interdepartmental communications, transcripts, books, pamphlets, periodicals, articles, press clippings, samples of any kind, promotional materials, advertising materials, requisitions, resolutions,

**EXHIBIT "B"**

certificates, opinions, reports, studies, analyses, evaluations, applications, approvals, petitions, contracts, licenses, assignments, agreements, ledgers, checks, check stubs, books and records of account, statistical records, desk calendars, diaries, list tabulations, summaries, charts, graphs, photographs, computer tapes and printouts, magnetic tapes, microfilm, punch cards, and all other written or graphic matter; and, b) the original and each non-identical copy or duplicate of any of the foregoing, whether such copy of duplicate is non-identical by reason of handwritten notation or otherwise.

2.      The word "you" means the party to whom the Requests are addressed including, without limitation, any agent, servant, employee, attorney, associate, or any other representative.

3.      If the Plaintiff contends that any requested document is privileged or otherwise not subject to discovery, or if any requested document is withheld for any other reason, please state as to each such document:

   a.      its date;
   b.      each author or addressor of the document;
   c.      each recipient or addressee of the document;
   d.      the substance of the document;
   e.      as to each original, duplicate original, or reproduction thereof, its last known location and the identity of the person in whose possession, custody or control it then was; and
   f.      the specific grounds or reasons asserted for withholding the document.

**Requests:**

1.      Each Federal Income Tax Return, including all enclosures and schedules attached thereto, filed by the Plaintiff for Calendar Year 1999 to date.

2.      All records, bills and invoices which evidence any expenses incurred by the Plaintiff as a result of the damages alleged in the Complaint.

3.      Each photograph which the Plaintiff intends to introduce as evidence at the trial of this matter.

4.      All photographs which evidence the injuries and/or damages sustained by the Plaintiff as described in the Complaint.

5.      Any written statement, signed or unsigned, by the Defendants which relates in any way to the occurrence giving rise to the Plaintiff's damages, and the surrounding circumstances.

6.      Any written statement, signed or unsigned, by any eyewitness to the occurrence of the Plaintiff's damages, or the surrounding circumstances.

7.    Copies of all signed and/or unsigned statement or statements recorded by mechanical and/or electronic means made by any agent, servant, or employee of the Defendants which are in the possession of the Plaintiff or under his control and which relate directly or indirectly to this incident.

8.    All records, bills, invoices, check stubs or any other type of correspondence which evidence the receipt of any monies (e.g. workmen's compensation payments and/or disability insurance payments) paid to Plaintiff as a result of injuries sustained by Plaintiff alleged in Plaintiff's Complaint.

9.    All medical reports and/or records of each physician, psychiatrist or other medical or mental health personnel by whom the Plaintiff was treated as a result of the injuries described in the Complaint.

10.    All hospital records of medical history and treatment of each hospital at which the Plaintiff was treated as a result of the injuries described in the Complaint.

11.    All records, bills and invoices which evidence the reasonable and necessary medical expenses incurred by the Plaintiff as a result of the injury described in the Complaint.

12.    All records which evidence any actual loss of wage or salary by the Plaintiff as a result of the injury described in the Complaint.

13.    All records which evidence any alleged diminution of past and future earning capacity by the Plaintiff as a result of the injuries described in the Complaint.

14.    Any and all exhibits which Plaintiff intends to offer at trial.

                                   Respectfully submitted
                                   For the Defendants,
                                   West Tisbury Police Department,
                                   Herbert Moody, Daniel Gouldrup,
                                   And Daniel Rossi
                                   By their Attorneys,

                                   WYNN & WYNN, P.C.


                                   _____
                                   Charles D. Mulcahy, Esquire
                                   BBO # 359360
                                   Wynn & Wynn, P.C.
                                   90 New State Highway
                                   Raynham, MA 02767
                                   (508) 823-4567

December 13, 2005

February 1, 2006


John E. Boyle, Esquire
26 Church Street
P. O. Box 5126
Edgartown, MA   02539

    RE:    John Gadowski v. Town of West Tisbury et al
          United States District Court, C.A. No. 05-10575-RCL

Dear Mr. Boyle:

      Please be advised that I have not received responses to my discovery.  Please advise when I can expect same.

      As you know, in order for me to schedule depositions I need additional information.

      You also advised me that you were going to provide medical records that you had concerning your client which are important.

          Very truly yours,

          WYNN & WYNN, P.C.



          Charles D. Mulcahy


CDM/crb
cc:    Michael A. Goldsmith, Esquire
       Lois Hewson, Claim Examiner (GFMS #233959)

**EXHIBIT "C"**

March 10, 2006

John E. Boyle, Esquire
26 Church Street
P. O. Box 5126
Edgartown, MA   02539

RE:     John Gadowski v. Town of West Tisbury et al
        United States District Court, C.A. No. 05-10575-RCL

Dear Mr. Boyle:

Please be advised that after our phone conversation I expected to receive the documents.

If it appears that we are not able to comply with the discovery deadline, it might be propitious for us to file an extension as far as discovery.

Please let me know your thoughts and I can prepare a motion perhaps to continue the discovery until June 15, 2006.

Please advise forthwith.

                                Very truly yours,

                                WYNN & WYNN, P.C.



                                Charles D. Mulcahy


CDM/ktm

cc:     Lois Hewson, Claim Examiner (GFMS #233959)

**EXHIBIT "D"**

## Kathy McFadden

**From:** <ECFnotice@mad.uscourts.gov>
**To:** <CourtCopy@mad.uscourts.gov>
**Sent:** Wednesday, May 24, 2006 10:43 AM
**Subject:** Activity in Case 1:05-cv-10575-RCL Gadowski v. Town of West Tisbury et al "Order on Motion to Compel"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from York, Steve entered on 5/24/2006 at 10:43 AM EDT and filed on 5/24/200

**Case Name:** Gadowski v. Town of West Tisbury et al
**Case Number:** 1:05-cv-10575
**Filer:**
**Document Number:**

**Docket Text:**
Judge Reginald C. Lindsay : Electronic ORDER entered granting [14] Motion to Compel (York, Steve)

The following document(s) are associated with this transaction:

**1:05-cv-10575 Notice will be electronically mailed to:**

John E. Boyle     john_e_boyle_atty@yahoo.com

Charles D. Mulcahy     wynn25@rcn.com

**1:05-cv-10575 Notice will not be electronically mailed to:**

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.394 / Virus Database: 268.7.0/346 - Release Date: 5/23/06

5/24/06